FILED
CLERK
7/25/2013 2:41 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
KEITH BARBOUR,

                Plaintiff,        **SHORT ORDER**
                                      12-CV-00548 (ADS)
    -against-

CAROLYN W. COLVIN, Commissioner of
Social Security,

                Defendant.
----------------------------------------------------------X

**APPEARANCES:**

**Jeffrey D. Delott, Esq.**
*Attorney for the Plaintiff*
366 North Broadway
Suite 410k-3
Jericho, NY 11753

**Loretta E. Lynch**
United States Attorney
Eastern District of New York
610 Federal Plaza, 5th Floor
Central Islip, NY 11722
    Vincent Lipari
    Assistant United States Attorney

**SPATT, District Judge**.

      By Memorandum of Decision and Order dated June 21, 2013, the Court remanded this case pursuant to 42 U.S.C. §405(g) to the Administrative Law Judge ("ALJ") to review his decision to deny social security disability benefits to the Plaintiff Keith Barbour. Judgment was entered on June 25, 2013. Presently pending before the Court is (1) the Plaintiff's unopposed motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. §2412 ("EAJA") and (2) the Commissioner of Social Security's motion pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 59(e) to alter or amend the judgment and decision, and for reconsideration or

1

reargument pursuant to Local Rule 6.3. For the following reasons, the Plaintiff's motion is granted and the Commissioner's motion is granted.

The EAJA directs a court to award attorney's fees to any party prevailing in litigation against the United States, unless the Court finds that the position of the United States was "substantially justified" or that "special circumstances" make such an award unjust. 28 U.S.C. §2412(d)(1) (A). Whether the position of the United States – here, the Commissioner of the Social Security Administration – was substantially justified is "determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." 28 U.S.C. § 2412(d)(1)(B).

Here, the Court grants the Plaintiff's motion for attorney's fees under the EAJA as unopposed. The Plaintiff's counsel seeks fees of $11,755.03 (61.1 hours at $192.39 per hour) and $641.35 in costs. The Plaintiff's counsel submitted appropriate documentation of time spent on the case and the Commissioner does not object to the amount requested by counsel.

Turning to the Commissioner's motion, Rule 59(e) of the Federal Rules of Civil Procedure governs motions to "alter or amend a judgment." Fed. R. Civ. P. 59(e). Courts have recognized three major grounds justifying reconsideration pursuant to Rule 59(e): "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citations and internal quotation marks omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."

Rafter v. Liddle, No. 07–2282–cv, 2008 WL 3842709, at *1 (2d Cir. Aug. 13, 2008) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)).

In the Memorandum of Decision and Order, the Court directed that, to prevent undue delay, "[i]f [the P]laintiff is able to go forward within 30 days, the proceedings before the ALJ must be completed within 120 days; if [the Plaintiff is not prepared to go forward within 30 days, the proceedings before the ALJ must be completed within 90 days of the date when plaintiff is prepared to proceed. If these deadlines are not observed, a calculation of benefits must be made." (Memorandum and Order, at 19.) While the Commissioner does not contest the time periods set forth therein, she contends that (1) benefits may not be awarded on the basis of delay unless the record contains conclusive evidence of disability and (2) in remanding this case for further administrative proceedings, the Court recognized that the record did not contain such evidence. The Court agrees. Bush v. Shalala, 94 F.3d 40, 46 (2d Cir. 1996) ("a decision to reverse and direct an award for benefits should be made only when . . . substantial evidence on the record as a whole indicates that the Claimant is disabled and entitled to benefits.") (citing Gilliland v. Heckler, 786 F.2d 178, 184 (3d Cir. 1986)) (internal quotation marks omitted).

In Bush, the disability claim had been pending in various courts for ten years, but the claimant had never proceeded beyond the fourth step of the five-step inquiry followed by the ALJ – i.e., she had not shown "that her impairment interfered with her capacity to perform her relevant past work." 94 F.3d at 45. The claimant had thus not carried her burden of showing an inability to perform past relevant work at step four. Stated another way, she had never shown a disability. Nevertheless, the district court, "outrage[d]" at the delay, remanded for calculation of benefits. Id. at 46. The Second Circuit reversed, holding that "absent a finding that the claimant was actually disabled, delay alone is an insufficient basis on which to remand for benefits." Id.

3

In <u>Butts v. Barnhart</u>, 416 F.3d 101 (2d Cir. 2004), the claimant sought a remand for calculation of benefits because the Commissioner failed to sustain the burden of showing through a vocational expert that job existed in the national economy that the claimant could perform. Unlike <u>Bush</u>, the Second Circuit emphasized that "on the present record, the ordering of benefits calculation was hardly out of the question. After all, Butts has proven his case, and the Commissioner has run out of time to meet her step five burden. Moreover, it was well within the power of the Commissioner to fashion procedures that would have ensured that she sought to carry her fifth-stage burden on the first occasion that it fell upon her." <u>Id.</u> at 104. However, the Court limited its holding to circumstances in which the claimant was entitled to benefits absent the Commissioner's providing expert vocational testimony about the availability of appropriate jobs.

Here, unlike in <u>Butts</u>, "[the] [P]laintiff has not yet progressed beyond the fourth prong of the disability analysis and thus has not yet proved that he is, in fact, disabled. Absent such a showing, the imposition of a time limit would 'ru[n] afoul of the Appropriations Clause [and] the doctrine of sovereign immunity' and cannot be granted." <u>Vicari v. Astrue</u>, No. 1:05—cv–4967–ENV–WP, 2009 U.S. Dist. LEXIS 9670 at *21, 2009 WL 331242 (E.D.N.Y. Feb. 10, 2009) (citation omitted).

As a final matter, the Court observes that Commissioner does not object to the timeline previously set forth by the Court; rather, the Commissioner objects to the reference to a calculation of benefits if the timeline is not observed on remand. The Plaintiff's claim has now been outstanding for more than seven years. Accordingly, "[o]n remand, . . . the Court expects proceedings to be conducted and resolved expeditiously." <u>Uffre v. Astrue</u>, No. 06–CV7755, 2008 WL 1792436, at *8 (S.D.N.Y.

4

Apr.18, 2008); Wright v. Astrue, No. 06–CV–6014, 2008 WL 620733, at *4 (E.D.N.Y. Mar. 5, 2008).

For the foregoing reasons, it is hereby

**ORDERED**, that the Clerk is directed to substitute Carolyn W. Colvin, Acting Commissioner of Social Security, for the Defendant Michael J. Astrue, and amend the caption accordingly; and it is further

**ORDERED**, that the Plaintiff's unopposed request for attorney's fees and costs is granted and the Clerk is directed to enter judgment in the amount of $11,755.03 in fees and $641.35 in costs in favor of the Plaintiff; and it is further

**ORDERED,** that the Clerk is directed to amend the Memorandum of Decision and Order to remove the timeline on remand for further development of the record, and remove the reference to the calculation of benefits if a timeline is not observed.

**SO ORDERED.**
Dated: Central Islip, New York
July 25, 2013

                                                     *Arthur D. Spatt*
                                                    ARTHUR D. SPATT
                                                   United States District Judge