```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
KEITH BARBOUR,

                 Plaintiff,                    **MEMORANDUM OF**
                                               **DECISION AND ORDER**
         -against-                             12-CV-00548 (ADS)

CAROLYN W. COLVIN, Commissioner of
Social Security,

                 Defendant.
----------------------------------------------------------X
```

**APPEARANCES:**

**Jeffrey D. Delott, Esq.**
*Attorney for the Plaintiff*
366 North Broadway
Suite 410k-3
Jericho, NY 11753

**Loretta E. Lynch**
United States Attorney
Eastern District of New York
610 Federal Plaza, 5th Floor
Central Islip, NY 11722
    Vincent Lipari
    Assistant United States Attorney

**SPATT, District Judge**.

By Memorandum of Decision and Order dated June 21, 2013, the Court remanded this case pursuant to 42 U.S.C. §405(g) to the Administrative Law Judge to review his decision to deny social security disability benefits to the Plaintiff Keith Barbour (the "Plaintiff"). Barbour v. Astrue, 950 F. Supp. 2d 480 (E.D.N.Y. 2013). The June 21, 2013 order set forth a time limit for subsequent proceedings. Judgment was entered on June 24, 2013.

On July 2, 2013, the Plaintiff moved for attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. §2412 ("EAJA"). On July 9, 2013, the Commissioner of Social Security (the

"Commissioner") moved under Federal Rule of Civil Procedure 59(e) to alter the June 21, 2013 judgment to remove a directive by this Court to the Commissioner to calculate the Petitioner's benefits should it fail, on remand, to comply with the Court-ordered deadlines. On July 25, 2013, the Court granted the Plaintiff's request for attorneys' fees as unopposed and removed the reference to the calculation of benefits.

The Commissioner subsequently moved to vacate that portion of the July 25, 2013 order granting the Plaintiff's request for attorneys' fees. The Commissioner contended that the Plaintiff made the application for attorneys' fees prematurely, thereby depriving the Court of subject matter jurisdiction to decide the motion. On August 1, 2013, this Court granted the Commissioner's motion and vacated that portion of the July 25, 2013 order granting the Plaintiff attorneys' fees.

On August 26, 2013, the Plaintiff renewed his motion for attorneys' fees under 28 U.S.C. § 2412(d)(2)(A), seeking compensation under the EAJA for 61.1 hours of legal services rendered by his attorney at the district court level from December 23, 2011 through June 25, 2013, to be compensated at the hourly rate of $192.39, for a total of $11,755.03, together with costs in the amount of $641.53, consisting of $350 in filing costs, $130 in service costs, $8.00 for postage, and $153.53 for legal research charges. The Plaintiff calculates the $192.39 per hour figure by adjusting the 1996 EAJA base rate of $125.00 per hour by the consumer price index ("CPI") for the New York Region as of May 2013. See Sarro v. Astrue, 725 F. Supp. 2d 364, 368 (E.D.N.Y. 2010) (adjusting the statutory $125 per hour rate based upon yearly averages of the CPI for the New York-New Jersey-Long Island area). Alternatively, the Plaintiff seeks $33,605 in fees under 28 U.S.C. § 2412(b), calculated at an hourly rate of $550, for what he contends was "bad faith" conduct on the part of the Commissioner, which is described in more detail later.

2

On September 16, 2013, the Commissioner filed a partial opposition to the Plaintiff's renewed motion for attorneys' fees. The Commissioner did not object to an award under 28 U.S.C. § 2412(d)(2)(A), but asserted that the Plaintiff's 61.1 hours of legal service was excessive and should be reduced to 30 hours. Further, the Commissioner objected to any award based on "bad faith" under 28 U.S.C. § 2412(b).

That same day, the Plaintiff filed a reply, attaching a revised time sheet which, for the first time, sought compensation for an additional 8.8 hours of services incurred after June 25, 2013, but prior to and including August 26, 2013, the date the Plaintiff renewed his motion for attorneys' fees. The Plaintiff also sought compensation for 4.3 services rendered in connection with filing his reply brief.

On September 17, 2013, the Commissioner filed a letter objecting to consideration of the additional 8.8 hours of services. Upon a review of the papers, the Court will consider these additional hours despite their omission from the Plaintiff's original motion papers. However, the Court also will consider the Commissioner's substantive arguments in opposition to this request by the Plaintiff. Although the Commissioner did not formally move for leave to file a sur-reply, the Court will construe its September 17, 2013 letter as such an application. "Motions for leave to file sur-reply information [ ] are subject to the sound discretion of the court." Anghel v. New York State Dep't of Health, 947 F. Supp. 2d 284, 293 (E.D.N.Y. 2013)(quotation marks and citation omitted), reconsideration denied (July 20, 2013).

The Court finds that the Plaintiff's newly-made request for attorneys fees for the 8.8 hours in its reply brief warrants granting permission to the Commissioner to file a sur-reply, even if the prior omission of these hours resulted from, as the Plaintiff suggests, "an arithmetical error." However, the Court only considers the sur-reply to the extent it directly responds to the

3

newly-made arguments in the reply and, therefore, the Court does not consider the Commissioner's challenge to the practice by the Plaintiff's counsel, Jeffrey D. Delott, of billing in increments of .2 hours for tasks such as receiving ECF bounces and speaking to the client.

Further, the Court declines to consider the Plaintiff's letter dated September 17, 2013 – in essence, a sur sur-reply – responding to the Commissioner's sur-reply. In the Court's view, to find otherwise would open the floodgates for endless motion practice.

For the sake of clarity, the Court will first address the Plaintiff's request for an award of fees under 28 U.S.C. § 2412(b) at the enhanced hourly rate of $550 an hour (instead of $192.39), for a total of $33,605 (instead of $11,755.03) based on alleged "bad faith" conduct on the part of the Commissioner. The Court will then address the Plaintiff's request under 28 U.S.C. § 2412(d)(2)(A) for the 61.1 hours rendered by Delott before this Court in connection with the appeal of the underlying adverse determination of the Commissioner. Finally, the Court will address the Plaintiff's request for fees for services rendered after this Court remanded the case.

## I. DISCUSSION

A. Bad Faith

"Under sections 2412(b) [of the EAJA], at the court's discretion, a plaintiff can recover attorney's fees at the prevailing market rate, rather than the statutory rate, if he establishes that the Commissioner acted in bad faith in either opposing the claimant's benefits claim on the merits or in opposing the claimant's application for EAJA fees." Bailey v. Astrue, 10-CV-0865 (DLI), 2013 WL 2372295, at *4 (E.D.N.Y. May 31, 2013)(citing Wells v. Bowen, 855 F.2d 37, 46 (2d Cir. 1988)). The Second Circuit has distinguished between Section 2412(d)'s "substantially justified" standard and section 2412(b)'s "bad faith" test, noting: "Section 2412(b) requires far more egregious conduct on the government's part than is required under section

4

2412(d)." Wells, 855 F.2d at 46. Bad faith exists where "the losing party's claims were 'entirely without color and made for reasons of harassment or delay or for other improper purposes.'" Id. (quoting Sierra Club v. U.S. Army Corps of Engineers, 776 F.2d 383, 390 (2d Cir. 1985), cert. denied, 475 U.S. 1084, 106 S. Ct. 1464, 89 L. Ed. 2d 720 (1986)).

"In order to award bad faith fees, the district court must find that the losing party's claim was (1) meritless; and (2) brought for improper purposes such as harassment or delay. 'The test is conjunctive and neither meritlessness alone nor improper purpose alone will suffice.'" Kerin v. U.S. Postal Serv., 218 F.3d 185, 190 (2d Cir. 2000).

Here, the Plaintiff asserts that the Commissioner acted in "bad faith" because she departed from her prior practice of declining to contest otherwise premature EAJA motions, namely, motions made before a "final judgment" or a judgment that was final and not appealable was imposed. The Plaintiff maintains that, in this case, the Commissioner contested the prematurity of the Plaintiff's first EAJA motion as a measure of retaliation against Delott for filing an affirmation in a class action that alleges bias against five administrative law judges, including the judge who twice denied the Plaintiff's application for social security benefits here.

However, the Court finds that no EAJA award predicated on bad faith is warranted for the simple reason that the Commissioner's motion to vacate the EAJA award was granted on the basis that, in fact, the Plaintiff had moved prematurely for EAJA fees. Stated another way, the relevant claim by the losing party, the Commissioner, was not meritless, and the Plaintiff does not assert anything to the contrary. Accordingly, the Plaintiff's application for fees under 28 § U.S.C. 2412(b) is denied.

B. 28 U.S.C. § 2412(d)(1)(A)

Section 28 U.S.C. § 2412(d)(1)(A) of the EAJA provides in relevant part:

5

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). A party seeking attorneys' fees must, within thirty days after a final judgment is issued, file an application for fees (1) establishing that he is the prevailing party and eligible to receive an award; (2) setting forth the amount of fees and expenses sought, including an itemized statement showing the actual time expended and the rate at which the fees were computed; and (3) alleging that the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B); see Sava v. Comm'r of Soc. Sec., 06-CV-3386 (KMK)(PED), 2014 WL 129053, at *2 (S.D.N.Y. Jan. 10, 2014)(reciting elements of an EAJA claim). The reasonableness of attorney's fees sought is a factual inquiry left to the discretion of the district court. Harris v. Astrue, 701 F. Supp. 2d 410, 412–13 (E.D.N.Y. 2010) (citing Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)).

Here, the Commissioner does not contest that the Plaintiff is the prevailing party; that the Commissioner was not substantially justified; and that the Plaintiff is entitled to some award of attorneys' fees. Moreover, the Commissioner does not object to the hourly rates sought by the Plaintiff under 28 U.S.C. § 2412(d)(2)(a). Rather, the Commissioner contends that the 61.6 hours expended was excessive and should be reduced to 30 hours. The Commissioner contends that this particularly so, when, as here, the Plaintiff did not achieve anything beyond the remand for further administrative proceedings that the Commissioner previously offered, and the Plaintiff rejected, before the Plaintiff filed his unsuccessful cross-motion for a remand for a calculation of benefits.

1. The Plaintiff's Rejection of the Commissioner's Offer of Remand Was Reasonable

Whether the plaintiff should receive attorney's fees after refusing an offer of remand depends on whether refusal was reasonable. Harris v. Astrue, 701 F. Supp. 2d 410, 413 (E.D.N.Y. 2010) (citing McLaurin v. Apfel, 95 F. Supp. 2d 111, 115–17 (E.D.N.Y. 2000)). "If the record demonstrates that a plaintiff could have reasonably expected to obtain a reversal, opposition by plaintiff to an offer to remand would not be excessive even if the court ultimately disagreed with plaintiff's arguments and remanded the case." McLaurin, 95 F. Supp. 2d at 115-17; see also Ferguson v. Apfel, 2000 WL 709018, at *4 (E.D.N.Y. Apr.17, 2000)(an award to the plaintiff's counsel of EAJA fees is appropriate where the plaintiff opposed defendant's motion to remand, if the plaintiff's arguments for reversal "were not specious or meritless"); cf. Beiro v. Astrue, 2009 WL 9057735 at *4 (E.D.N.Y. Nov.23, 2009) ("[C]ourts have found that attorneys' fees for motion practice that results in no appreciable gain for the plaintiff need not be reimbursed.").

Here, although it is not clear when the offer for remand was made, the Commissioner essentially argues that the Plaintiff attained a result no more favorable than what the Plaintiff would have received had he had accepted the Commissioner's offer. However, as the courts ruled in Harris, Pereira v. Astrue, 739 F. Supp. 2d 267, 271 (E.D.N.Y. 2010), and Bailey v. Astrue, 10-CV-0865 (DLI), 2013 WL 2372295, at *3 (E.D.N.Y. May 31, 2013), the Court rejects this argument. As Delott did in Bailey, here, he "did achieve a different remedy and appreciable gains for plaintiff by rejecting the offer of remand." 2013 WL 2372295, at *3. Indeed, the Court found that the ALJ erred in discounting the opinion of the Plaintiff's treating physician "without first attempting to fill any clear gaps in the administrative record and by substitut[ing] his own

7

expertise or view of the medical proof for the treating physician's opinion." Barbour, 950 F. Supp. 2d at 480 (quotation marks and citation omitted). "The Commissioner's motion for remand was granted as a matter of course, because the disability decision was being remanded for proper application of the treating physician rule anyway." Bailey, 2013 WL 2372295, at *3.

"In addition, [the] Plaintiff's decision to reject the Commissioner's offer of remand and instead move for judgment on the pleadings was reasonable." Id. For one thing, the Plaintiff's treating physician, Dr. Fitzclaud Grant, M.D., opined that the Plaintiff had significant functional limitations.

For the reasons stated above, the Court finds that the Plaintiff was not unreasonable for rejecting the Commissioner's offer of remand.

2. Hours of Legal Services

"Attorneys are not entitled to fees under the EAJA for work that is unreasonable, redundant, excessive, or unnecessary." Salvo v. Commissioner of Soc. Sec., 751 F. Supp. 2d 666, 674 (S.D.N.Y. 2010). This Court has broad discretion in determining whether the amount of time expended by a plaintiff's counsel was reasonable. Id.; Aston v. Secretary of Health and Human Servs., 808 F.2d 9, 11 (2d Cir. 1986). "District courts in this Circuit generally hold that twenty to forty hours is a reasonable expenditure of counsel time for routine social security cases." Sava, 2014 WL 129053, at *3; Pavia v. Commissioner of Soc. Sec., No. 10–CV–0818, 2013 WL 5652497, at *4 (N.D.N.Y. Oct. 15, 2013); Coughlin v. Astrue, No. 06–CV–0497, 2009 WL 3165744, at *2 (N.D.N.Y. Sept. 28, 2009); Rivera v. Astrue, No. 07–CV–3129, 2009 WL 1351044, at *1 (E.D.N.Y. May 13, 2009); Hogan v. Astrue, 539 F. Supp. 2d 680, 682 (W.D.N.Y. 2008); Dudelson v. Astrue, No. 03 Civ. 7734, 2007 WL 3051875, at *1 (S.D.N.Y. Oct. 15. 2007).

However, "[a]ttorney's fees in excess of the routine twenty to forty hours will be awarded where the facts of the specific case warrant such an award." Dabul–Montini v. Astrue, No. 09–CV–0966, 2011 WL 1541363, at *2 (N.D.N.Y. Apr. 21, 2011); see Scott v. Astrue, 474 F. Supp. 2d 465, 467 (W.D.N.Y. 2007) (awarding EAJA fees for 51 hours of attorney time); Kania v. Shalala, 1995 WL 307604, at *3 (W.D.N.Y. 1995) (awarding fees for 51.9 hours of attorney time spent on a matter presenting complicated medical issues); Garcia v. Bowen, 702 F. Supp. 409, 411 (S.D.N.Y. 1988) (awarding attorneys' fees based on 156.2 hours). "Relevant factors to weigh include the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings." Rodriguez v. Astrue, CIV 308 CV 00154 (JCH)(HBF), 2009 WL 6319262, at *3 (D. Conn. Sept. 3, 2009), report and recommendation adopted in part, CIVA 3:08 CV154 (JCH), 2010 WL 1286895 (D. Conn. Mar. 29, 2010).

In this case, the size of the administrative record, at almost 1000 pages, is considerable. However, aside from the sheer size of the administrative record, the Plaintiff does little to demonstrate the complexity of the issues involved in this case. The Court also notes Delott's prior experience involving, in his words, "hundreds if not thousands of disability matters." (Delott Affirm., at ¶ 5.); see Rodriguez, 2009 WL 6319262, at *4 ("Based on counsel's experience of over thirty years representing social security claimants in more than 200 cases, combined with the routine and straightforward nature of the factual and legal issues involved in this case, the court finds it appropriate to exercise its discretion in applying a reasonable percentage reduction 'as a practical means of trimming fat from a fee application.'")(citing New York Association for Retarded Children v. Carey, 711 F.2d 1136, 1146 (2d Cir. 1983)); but see

Coughlin, 2009 WL 3165744, at *2 ("When deciding what amount is appropriate, the court will not compensate or penalize counsel for her expertise.").

Furthermore, Delott represented the Plaintiff in the administrative proceedings from January 30, 2010 through December 23, 2011, rendering a total of 51.4 hours of service. Thus, inasmuch as Delott did not need to familiarize himself with this case, many of the hours for which he seeks recovery under the EAJA duplicate services provided before this Court. Greenidge v. Barnhart, 6:04-CV-0379, 2005 WL 357318, at *4 (N.D.N.Y. Feb. 11, 2005)("counsel was very familiar with the underlying facts and issues in the administrative hearing since it was his firm that represented Greenidge."). For example, the Plaintiff submitted a comprehensive nine page single-spaced letter brief to the Appeals council in which, arguing for a reversal, the Plaintiff asserted many of the same arguments he made before this Court.

The Court also notes that Delott's time records at times lump items of work together, frustrating meaningful review of what portion of the time was spent on what task and whether such expenditure is reasonable. Skold v. Am. Int'l Group, Inc., No. 96 Civ. 7137 HB, 1999 WL 672546, at *2 (S.D.N.Y. Aug. 25, 1999) (reducing fees by ten percent where attorneys submitted several time entries consisting of multiple tasks, as court was unable to assess the reasonableness of the time spent on each task); Wilder v. Bernstein, 975 F. Supp. 276, 286 (S.D.N.Y. 1997) (attorneys should not "lump several services or tasks into one time sheet entry because it is then difficult . . . for a court to determine the reasonableness of the time spent on each of the individual services or tasks provided . . . .") (internal quotations and citations omitted). For instance, the Plaintiff's entry for December 23, 2011 reflects 3.9 hours to draft the summons and complaint, arrange for service of process, and speak to the client about a potential *in forma*

*pauperis* motion, without specifying what time was spent on what tasks, preventing an evaluation of whether that time was reasonable.

Based on the foregoing, the Court finds that the Plaintiff's EAJA request for 61.1 hours is excessive. Therefore, the Court reduces the award to fees based on 40 hours of service, <u>Green v. City of New York</u>, 403 Fed. Appx. 626, 630 (2d Cir. 2010)(District courts are authorized "to make across-the-board percentage cuts in hours as a practical means of trimming fat from a fee application." )(quoting <u>In re Agent Orange Prod. Liab. Litig.</u>, 818 F.2d 226, 237 (2d Cir. 1987)), at a rate of $192.39, resulting in an approved total of $7,695.60.

      3. <u>The Additional 8.8 Hours Requested in Reply</u>

As noted above, the Court considers the Plaintiff's request in his reply for 8.8 hours of legal services rendered, after June 25, 2013 but prior to and including August 26, 2013, as well as the Commissioner's substantive arguments in opposition. Based on a review of the Plaintiff's time sheet, it appears that this request for 9 hours consists of (1) 5.6 hours for services spent in administrative proceedings after this court remanded the case; (2) 1 hour spent opposing the Commissioner's successful motion to alter the June 21, 2013 judgment; (3) .2 hours spent reviewing the July 25, 2013 order assessing the first EAJA award; (4) 1.8 hours spent opposing the Commissioner's successful motion to vacate the first EAJA award; and (5) .2 hours spent filing the second EAJA motion.

With respect to the 5.6 hours spent in administrative proceedings after this Court remanded the case, the Court finds that these fees are not compensable, as a matter of law. Attorneys who represent claimants in Social Security proceedings may obtain fees for services rendering during those proceedings, as opposed to litigation in federal court, through either the fee petition process or fee agreement process, both under 42 U.2*S.C. § 406(a). <u>Devaux v.

11

Astrue, 932 F. Supp. 2d 349, 351 (E.D.N.Y. 2013)("'The prescriptions set out in §§ 406(a) and (b) establish the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants.'")(quoting Gisbrecht v. Barnhart, 535 U.S. 789, 795-96, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002)). As for the 1 hour spent opposing the Commissioner's successful motion to alter the judgment and the 1.8 hours spent opposing the Commissioner's successful motion to vacate the prior EAJA award, the Court finds that an award of fees for these hours is inappropriate given that the Commissioner was "substantially justified" in making those motions.

However, the Court awards the Plaintiff fees for the .2 hours of legal services spent reviewing the July 25, 2013 order and the .2 hours legal services spent filing the EAJA motion. At a rate of $192.39 per hour, the Plaintiff is thus also entitled to $76.96.

### 4. As to the Reply Brief

The Court finds that the Plaintiffs request for 4.3 hours spent in connection with his EAJA reply brief is reasonable. Pereria, 739 F. Supp. 2d at 272 (finding that the Plaintiff was entitled to 6.2 hours of work on reply papers performed by Delott). At a rate of $192.39 per hour, the Plaintiff is entitled to an additional $827.28 in fees.

### 5. Costs

Reasonable out-of-pocket expenses are generally reimbursed as a matter of right in connection with an award of attorneys' fees. U.S. Football League v. Nat'l Football League, 887 F.2d 408, 416 (2d Cir. 1989). In this case, the Commissioner does not object to the imposition of costs in the amount of in the amount of $641.53, consisting of $350 in filing costs, $130 in service costs, $8.00 for postage, and $153.53 for legal research charges.

12

## II. CONCLUSION

In sum, the Court grants the Plaintiff's motion for an EAJA award to the extent the Court awards the Plaintiff attorneys' fees under 28 U.S.C. § 2412(d)(2)(A) in the amount of $8,599.84 consisting of $7,695.60 for 40 hours litigating the appeal and the main EAJA motion; $38.48 for the .2 hours reviewing the July 25, 2013 order; $38.48 for the .2 hours spent filing the EAJA motion; and $827.28 for 4.3 hours composing the reply brief. Further, the Court awards the Plaintiff $641.53 in costs. The Plaintiff's motion is otherwise denied.

**SO ORDERED.**

Dated: Central Islip, New York
January 27, 2014

                                          *Arthur D. Spatt*
                                          ARTHUR D. SPATT
                                          United States District Judge